WO                                                                                          MH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Sara L. Bosworth,                                          No.   CV 21-00081-PHX-MTL (ESW)

                          Plaintiff,

v.                                                         **ORDER**

Centurion LLC, et al.,

                          Defendants.

Plaintiff Sara L. Bosworth, who is confined in the Arizona State Prison Complex (ASPC)-Perryville and represented by counsel, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1367 (Doc. 1). The Court will dismiss the Complaint with leave to amend.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

. . . .

. . . .

. . . .

JDDL

## II.     Complaint

Plaintiff is suing Centurion LLC ("Centurion") and two employees or agents of Centurion: Dr. Steven Ibrahim and Nurse Patricia Davis.[1]  Plaintiff seeks compensatory and punitive damages, along with costs and attorney's fees.

Plaintiff alleges that on January 15, 2020, she injured her left foot and ankle while playing volleyball at ASPC-Perryville.  (Doc. 1 at 3.)  Plaintiff requested a medical evaluation the same day.  (*Id*.)  Plaintiff was x-rayed on January 16, 2020, but was not evaluated until January 21, 2020, when she saw Defendant Ibrahim.  (*Id*.)  During that five-day period, Plaintiff received no pain medication.  (*Id*.)  Defendant Ibrahim examined Plaintiff, informed her that she had suffered a fracture, and ordered a splint and a follow-up x-ray that was supposed to be performed in two weeks.  (*Id*. at 4.)

On February 9, 2020, Plaintiff filed a Health Needs Request (HNR) regarding persistent pain.  (*Id*.)  Plaintiff also expressed concern about the delay in her follow-up x-ray.  (*Id*.)

Plaintiff's follow-up x-ray, which was not performed until February 13, 2020, revealed "displacement of the previously well-aligned fracture" and indicated that Plaintiff's injury had worsened.  (*Id*.)  Defendant Ibrahim reviewed Plaintiff's x-ray on February 17, 2020, and determined that an orthopedic consultation was necessary.  (*Id*.)  At some point between February 17 and May 19, 2020, Plaintiff filed an HNR regarding pain she was experiencing.  (*Id*.)  Plaintiff also saw Defendant Davis twice during this period; Davis "noted that no response to the previous consultation request had been entered."  (*Id*.)

On May 19, 2020, Plaintiff was evaluated by a podiatrist at Banner Orthopedic.  (*Id*.)  The podiatrist indicated that surgery could be necessary.  (*Id*. at 4-5.)  On July 15, 2020, an x-ray showed that Plaintiff's left fifth metatarsal was still unhealed.  (*Id*. at 5.)  Plaintiff has not been reevaluated by an "appropriate" medical professional since that time.  (*Id*.)

---

[1] Plaintiff has also named multiple Doe Defendants identified as "John and Jane Does I-X" and "Black and White Corporations I-X."  She does not allege any facts against these Defendants.

Based on the foregoing allegations, Plaintiff asserts two claims for relief—an Eighth Amendment medical-care claim[2] arising under 42 U.S.C. §1983 (Count One) and a medical malpractice claim arising under state law (Count Two).  (*Id.*)  Plaintiff claims in Count One that Defendant Ibrahim acted with deliberate indifference when he failed to properly assess, evaluate, or treat her and that Defendant Centurion "was aware of the risk of injury to [Plaintiff] from its agent's actions and acted with deliberate indifference to a serious medical need."  (*Id.*)  In Count Two, Plaintiff asserts that Defendants Ibrahim and Davis negligently failed to identify, diagnose, and treat her fifth metatarsal fracture, likely compromising her ability to walk, run, and participate in activities of daily living and potentially necessitating further treatment.

## III.   Section 1983 Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived her of federal rights, privileges or immunities and (4) caused her damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant and she must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment.  To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the

---

[2] Although Plaintiff characterizes this claim as arising under both the Eighth and Fourteenth Amendments, it is the Eighth Amendment's ban on cruel and unusual punishment, not the Due Process Clause, that protects convicted prisoners from unlawful conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (noting that Eighth Amendment imposes duties on prison officials to ensure that prisoners receive adequate food, clothing, shelter, and medical care).

defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

**A.    Defendant Centurion**

To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support

that her constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam). A plaintiff must allege the specific policy or custom and how it violated her constitutional rights. A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

Plaintiff does not allege that any of the conduct described in Count One was the result of a specific policy or custom of Defendant Centurion. Accordingly, Plaintiff has failed to state a § 1983 claim against Centurion, and this Defendant will be dismissed.

**B.  Defendant Ibrahim**

Plaintiff's allegations are insufficient to show that Defendant Ibrahim was deliberately indifferent to a substantial risk of harm. Plaintiff does not allege any facts to suggest that this Defendant was responsible for the six-day delay of her initial evaluation, the nine-day delay of her follow-up x-ray, or the three-month delay of her orthopedic consultation. Plaintiff's allegations are too vague and conclusory to show that these delays are attributable to even *negligent* conduct on the part of Defendant Ibrahim, and an Eighth Amendment medical-care claim requires more than just negligent conduct.

To the extent Plaintiff's Eighth Amendment claim is premised on any failure to obtain pain medication, she has not alleged any facts to show that Defendant Ibrahim was personally aware of Plaintiff's pain. Nor has she alleged facts to show that Defendant Ibrahim responded to this information with deliberate indifference by, for example, refusing to supply Plaintiff medication. Accordingly, Plaintiff has failed to state a § 1983 claim against Defendant Ibrahim, and this claim will be dismissed without prejudice.

**IV.  Medical Malpractice Claim**

In light of the Court's decision to dismiss Plaintiff's federal claim, the Court declines to exercise supplemental jurisdiction at this time over the state-law negligence claim asserted in Count Two. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A

court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).

**V.     Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.

**IT IS ORDERED:**

(1)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action and deny any pending unrelated motions as moot.

Dated this 16th day of February, 2021.

Michael T. Liburdi
United States District Judge